13-765-cv(L)
*Barbagallo v. Marcum*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

JOSEPH S. BARBAGALLO,

   *Plaintiff-Appellant-Cross-Appellee,*

   v.                                           Nos. 13-765-cv, 13-1007-cv

MARCUM LLP,

   *Defendant-Appellee-Cross-Appellant.*[*]

---

| | |
|---|---|
| **FOR PLAINTIFF:** | Alan S. Fellheimer, Fellheimer & Eichen LLP, New York, NY. |
| **FOR DEFENDANT:** | John Houston Pope, Raymond T. Mak, Epstein Becker & Green, P.C., New York, NY. |

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Appeal from an order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's January 10, 2013 judgment, incorporating orders dated January 9, 2013 and February 28, 2013, is **AFFIRMED**.

Plaintiff Joseph S. Barbagallo ("Barbagallo") appeals from the January 10, 2013 judgment of the District Court, after a seven-day bench trial, denying Barbagallo's breach of contract claim against his former employer Marcum LLP ("Marcum") for, *inter alia*, retirement benefits, on the ground that Barbagallo materially breached his contract with Marcum. Marcum cross-appeals the District Court's judgment insofar as it held that Marcum suffered no compensable injury from Barbagallo's breach of his duty of loyalty, and that Marcum was not entitled to recover costs from Barbagallo. We assume the parties' familiarity with the factual and procedural background of the case and the issues on appeal.

## BACKGROUND

On September 1, 2009, Barbagallo, a certified public accountant, and Marcum entered into an employment agreement (the "Agreement"), which governs this dispute. Around March 2010, Barbagallo began communicating with Richard Tuscano, a potential client he met at a Marcum networking event. In June 2010, Barbagallo began conversations with Citrin Cooperman & Company LLC ("Citrin"), a competing accounting firm. On July 23, 2010, Barbagallo and Citrin reached an agreement, and Barbagallo submitted a letter to Marcum withdrawing from his employment. Pursuant to the ninety-day notice requirement in the Agreement, Barbagallo continued to work at Marcum for 100 days, during which time he provided services to Tuscano. Instead of billing those services to Marcum, he diverted the business to Citrin. In December 2010, Barbagallo requested retirement benefits from Marcum pursuant to the Agreement. Marcum denied the request. This lawsuit followed.

## DISCUSSION

On appeal from a district court judgment following a bench trial, we review findings of fact for clear error, and conclusions of law *de novo*. *Carco Group, Inc. v. Maconachy*, 718 F.3d 72, 79 (2d Cir. 2013). The District Court concluded that Barbagallo had committed a material breach of the Agreement by his conduct with respect to Tuscano. It concluded further, that as a result of the material breach, occurring at the latest on August 9, 2010, the contract was terminated, relieving Marcum of the obligation to pay Barbagallo retirement benefits upon his departure. *Id.*

The District Court also denied Marcum's counter-claim for damages arising out of Barbagallo's alleged breach of his duty of loyalty to Marcum, on the ground that there were "no damages for Marcum to recover . . . because no contract existed when Barbagallo did significant

work on this matter." Special App'x 36-37. Because we find no error of law or fact in the District Court's conclusions, we affirm the judgment of the District Court insofar as it denied Barbagallo retirement benefits, and denied Marcum damages for Barbagallo's breach of fiduciary duty, for substantially the reasons stated by the District Court in its January 9, 2013 Order.

Marcum also appeals the portion of the judgment denying costs to either party. We review a denial of costs for "abuse of discretion." *See Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.,* 302 F.3d 18, 26 (2d Cir. 2002).[1] During oral argument following Barbagallo's motion to amend pursuant to Federal Rule of Civil Procedure 59(e), the District Court clarified the basis for its decision on costs: "I don't think either party is prevailing. Both parties asked for affirmative relief and I gave none." Special App'x 49. This was not an "abuse of discretion." Accordingly, we affirm the judgment of the District Court insofar as it denied costs.

## CONCLUSION

We have reviewed the parties' arguments on appeal and find them to be without merit for the reasons stated above. Accordingly, we **AFFIRM** the January 10, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] "Abuse of discretion" is a term of art that encompasses a decision that rests on an error of law or a clearly erroneous factual finding or otherwise "cannot be located within the range of permissible decisions." *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks omitted).

3